UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Omnicell, Inc., and Pandora Data Systems, Inc.,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>Medacist Solutions Group, LLC,<br>　　　　　　　Defendant. | Case No.: 10-CV-04746-LHK<br><br>ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL |

On January 13, 2011, Plaintiffs Omnicell, Inc., and Pandora Data Systems, Inc., moved to file the following documents under seal: 1) Plaintiff's response to Defendant's Motion to Dismiss or For Change of Venue; 2) Exhibits B through I to the Declaration of Kenneth S. Chang in Support of the Motion; and 3) the Declaration of Lora M. Nunes in Support of Plaintiffs' Response to Defendant's Motion. The time to oppose Plaintiffs' administrative motions expired on January 18, 2011, *see* Civ. L.R. 7-11(b), and Defendant has not filed any opposition.

Federal courts have recognized a strong presumption that judicial records are accessible to the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, a party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. *Id.* In the case of non-dispositive motions, however, the presumption in favor of public access does not apply with equal force. *Id.* at 1179. Thus, a showing of good

1

Case No.: 10-CV-04746-LHK
ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL

1    cause will suffice to justify sealing material attached to non-dispositive motions. *Id.* at 1180. The
2    Court agrees that Defendant's motion to dismiss for improper venue, or for change of venue, is a
3    non-dispositive motion, as it will not resolve the merits of the case, and therefore Plaintiffs must
4    make a showing of good cause to file their materials under seal. The good cause showing,
5    however, must be "particularized," *id.*, and the Local Rules of this Court require that all requests to
6    file under seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

7    Plaintiffs request leave to file under seal on grounds that the documents at issue contain
8    information relating to a confidential Settlement and License Agreement ("Agreement") between
9    Pandora and Medacist. The parties appear to agree that the Agreement contains commercially
10   sensitive business information that could cause competitive injury if made publically available.
11   Thus, the Court finds that, to the extent that the documents discuss or disclose the terms of the
12   Agreement, good cause exists to permit filing under seal. *See Phillips ex rel. Estates of Byrd v.*
13   *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted
14   protective orders to protect confidential settlement agreements); *Tessera, Inc. v. United Test and*
15   *Assembly Center Ltd.*, No. C 08-4795, 2009 WL 35242, at *4 n.1 (N.D. Cal. Jan. 6, 2009) (finding
16   good cause to seal confidential licensing agreement). Accordingly, because Exhibits B, C, D, E,
17   and F consist entirely or substantially of confidential material relating to the terms of the
18   Agreement, the Court GRANTS the motion to file these documents, in their entirety, under seal.

19   It appears, however, that sealing the following documents in their entirety is not justified:
20   Plaintiff's response to Defendant's Motion; Exhibits G and H; and the Declaration of Lora M.
21   Nunes. Although these documents contain references to terms of the Agreement, they do not
22   appear to be primarily concerned with confidential information and do not discuss the settlement
23   and licensing provisions in detail. In particular, Plaintiff's response to Defendant's motion consists
24   largely of legal arguments about the propriety of venue in this District, and it appears that the
25   portions of the brief that discuss confidential or propriety information could easily be redacted.
26   Accordingly, Plaintiffs are directed to submit a redacted version of these documents that can be
27   filed in the public record pursuant to Civil Local Rule 79-5(c). If the redacted versions are
28

1   narrowly tailored to omit only sealable material, the Court will permit the unredacted versions to be
2   filed under seal.
3         Finally, it appears that Exhibit I, like Plaintiffs' opposition brief, consists largely of non-
4   confidential legal arguments.  However, this document was originally filed in a related case in the
5   District of Connecticut and is currently the subject of a motion to file under seal in that case.  Mot.
6   to file under Seal, Memo in Opp'n and supporting documents, *Medacist Solutions Group LLC v.*
7   *Pandora Data Sys, Inc.*, No. 3:07-cv-00692-JBA (D. Conn. Dec. 3, 2010).  Because the District of
8   Connecticut is likely in a better position to determine whether this particular document should be
9   filed under seal, this Court will defer to that court's decision and will permit Exhibit I to be filed
10  under seal, unless and until the District of Connecticut rules otherwise.
11        For the foregoing reasons, the Court GRANTS the motion to file under seal as to Exhibits
12  B, C, D, E, F, and I.  Plaintiffs shall submit redacted versions of Plaintiff's response to Defendant's
13  Motion, Exhibits G and H, and the Declaration of Lora M. Nunes no later than January 28, 2011.
14  **IT IS SO ORDERED.**

16  Dated: January 21, 2011      _____
17      LUCY H. KOH
    United States District Judge

3
Case No.: 10-CV-04746-LHK
ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL